Welch, J.
After reviewing the parties’ submissions and holding a hearing on this matter, the plaintiffs motion for preliminary injunction is granted.
The plaintiff has established a likelihood of success upon the merits. See NECX v. Glidden (Superior Court Civil Action No: 93-1907C — Essex County).
The plaintiff also has established the likelihood that its good will will be irreparably harmed should the non-competition agreement not be enforced. The plaintiff NECX is in the business of buying and selling various electronic components, particularly computer chips. NECX does not manufacture the computer chips. Instead, it acts as a broker or independent distributor of such computer chips and other electronic components. NECX has developed a customer and supplier base in this highly competitive market. Because the plaintiff is a broker and distributor of these electronic components, the good will that the company has developed with its customers is one of NECX’s most important assets. For this reason, NECX requires its sales staff to sign a non-competition agreement which this court already has upheld as being reasonable in scope. NECX v. Glidden, supra.
The defendant, James Hirschman, was employed as a salesman by NECX for approximately five years. Given the context of this case, one is not concerned about an employee who has specialized product knowledge or similar confidential information. Instead, this case involves a former salesman who, in breach of his non-competition agreement, is allegedly damaging the good will of NECX by contacting NECX customers and suppliers. Indeed, the defendant admits contacting certain of the plaintiffs major customers since becoming employed by a direct competitor of NECX (i.e., Blue Fin Technologies). See paragraphs 20 & 27 of Hirschman affidavit. By being employed by a direct competitor, the defendant inevitably will draw upon the sales knowledge he developed over the course of five years at NECX. The defendant already has demonstrated a willingness to lure away NECX sales accounts. The fact that some of the sales accounts have been developed by the defendant while employed by NECX makes little difference. After all, NECX was employing defendant Hirschman to develop such sales accounts on behalf of NECX.
In these circumstances, unless the preliminary in-junctive relief is granted, the somewhat intangible damage to plaintiffs good will is very likely to continue. In addition, the plaintiff cannot obtain the benefit of its bargain (i.e., non-competition for a one-year period while NECX attempts to placate its customers and introduce a new sales representative), unless preliminary injunctive relief is granted.[1]
As to the balance of harm, the defendant undoubtedly will be harmed by the granting of this preliminary injunction. Mr. Hirschman is being forced out of his primary field of employment for six months (the remainder of the one year non-competition). Mr. Hirsch-man has been a salesman in the computer chip field for a considerable period of time. Unlike such cases as Marcarn v. Orchard, the defendant does not have the option of being paid by or employed by the plaintiff. Nevertheless, the defendant knowingly entered into this non-competition agreement and was compensated handsomely in return while employed by NECX. His employment at NECX was terminated when, allegedly, he attempted to impermissibly obtain customer information. Overall, the balance of harm tilts in favor of the plaintiff. In addition, the posting of a bond should alleviate any undue hardship upon the defendant Hirschman, should the plaintiff fail on the merits of this case.
Therefore, the plaintiffs motion for preliminary injunction is granted.

Perhaps the better course of action would be to have an accelerated trial on the merits of this case. The Court offered the parties such an accelerated trial. The plaintiff agreed to hold a trial on extremely short notice. The defendant desired to engage in pre-trial discovery and declined the invitation of an accelerated trial. This, of course, was the defendant’s right. As a consequence, it is unrealistic to assume that the plaintiff would have an opportunity to enforce the non-competition agreement at a trial on the merits prior to the expiration of the covenant. The non-competition agreement will expire on February 17, 1996. Given the trial list in this Court, it is highly unlikely that this case will be reached for trial prior to that time.